UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,
    Plaintiff,

v.

Case No. 21-cr-20189
Hon. Denise Page Hood

Israel Lee Crumpton (D-1),
    Defendant.

_____

### Defendant Crumpton's Motion for Temporary Release to Attend Funeral

Defendant, represented by attorney Ray Edward Richards, II, moves this Honorable Court to allow for his temporary release on his own recognizance from 3:30 p.m., on Thursday, August 29th, 2024, through 3:30 p.m., on Friday, August 30th, 2024, to attend the viewing, family hour, and funeral of Ms. Sharon Dianne McClinton.

The defense sought the government's concurrence in the relief requested in this Motion, and the government does not object to Defendant Israel Crumpton's release on his own recognizance with a tether on standalone monitoring from 3:30 p.m., on Thursday, August 29th, 2024, through 3:30 p.m., on Friday, August 30th, 2024.

**Brief in Support of
Defendant Crumpton's Motion
for Temporary Release to Attend Funeral**

**Facts**

On May 31, 2024, Defendant Israel Crumpton was convicted after a jury trial with one count of conspiracy to distribute and possess with intent to distribute less than 40 grams of a substance containing fentanyl and heroin; one count of possession with intent to distribute less than 40 grams of a substance containing fentanyl and heroin; one count of possession with intent to distribute a substance containing detectable cocaine base. (Verdict, ECF No. 62, PageID366–368).

Sentencing is scheduled for December 5, 2024.

Recently, while Crumpton has been awaiting sentencing, he learned that Ms. Sharon Dianne McClinton passed away on August 17, 2024. Ms. McClinton shared a maternal-like relationship with Crumpton since his teen years. Ms. McClinton is also the mother of Crumpton's fiancé, Geri McClinton. Geri McClinton and Crumpton have dated on and off since their teens, and their families have known each other since their elementary school days.

## Argument

A defendant's release pending sentence is provided for by 18 U.S.C. § 3143(a)(1).

According to 18 USC 3143(a)(2), Defendant Crumpton would not be eligible for release pending sentence because he has prior convictions that qualify under 18 USC 3142(f)(1)(C).

However, there is an exception to 18 USC 3143(a)(2) when "exceptional reasons" exist. "A person subject to detention pursuant to section 3143(a)(2) or (b)(2) [18 USCS § 3143(a)(2) or (b)(2)], and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1) [18 USCS § 3143(a)(1) or (b)(1)], may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 USC 3145(c); *United States v. Cook,* 42 F. App'x 803, 804 (6th Cir. 2002); *United States v. Mostrom,* 11 F.3d 93, 95 (8th Cir. 1993); *United States v. Jones*, 979 F.2d 804, 806 (10th Cir. 1992); *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992); *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991); *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991); *United States v. Burnett*, 76 F. Supp.2d 846 (E.D. Tenn. 1999).

This means that Crumpton, who is subject to detention under § 3143(a) may nevertheless be released if (1) he meets the conditions set forth in § 3143(a)(1), that is, he must show by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released, 18 USC 3143(a)(1); and (2) "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

Courts granting release have often relied upon a combination of personal factors (e.g., employment, ties to the community, performance on pre-trial release, medical conditions), and legal factors (e.g., the potential length of the sentence and the possibility of a downward departure at sentencing). *United States v. Lippold*, 175 F. Supp. 2d 537, 540–541 (S.D.N.Y. 2001) (collecting cases).

Here, Crumpton has been released on bond pending trial for three years since April 1, 2021. (Release Order, ECF No. 15). He has not been a threat or danger to the community or any person, and he has not fled but has always appeared in court. He does not have a history of violence or prior violent convictions. He has been released pending trial and has performed community service and reported to pretrial services while released on bond, complying with all conditions of release. *Id.* at PageID.30–32. He has strong

ties to the community through his close and supportive family members, who are aware of his charges and conviction.

In his August 8, 2024 Bond Status Report, United States Pretrial Services Officer, Ryan A. Helms, found that

> [d]ue to his longstanding compliance with pretrial supervision, Pretrial Services does not assess the defendant as an increased risk of flight and/or non-appearance. Due to the nature and circumstances of the instant offense, Pretrial Services believes the defendant may present a risk of danger to the community. It is believed, however, the conditions of release as previously imposed sufficiently ameliorate these risks

Crumpton seeks his temporary release to attend the funeral services of a woman who he shared a mother-son-like relationship since his teen years, an exceptional reason. Crumpton will be with his family members for almost the entire time he is released, which will only be for 24 hours. Crumpton will not be leaving the state of Michigan.

Ms. Geri McClinton (his fiancé) will pick Crumpton up from the U.S. Marshals detention lobby at 3:00 p.m. on Thursday, August 29th, 2024, at the Theodore Levin Federal Courthouse in Detroit, Michigan. Along with Geri McClinton and Crumpton's family members, he will attend Ms. McClinton's wake and public viewing at 4:00 p.m., Thursday, August 29th,

2024, the same day, at Clora Funeral Home-West Detroit, located at 18957 West Warren Ave., Detroit, Michigan, 48228.

Crumpton will then spend the night with Geri McClinton at her residence on 15510 Whitcomb, Detroit, MI 48227.

The following day, Friday, August 30, 2024, he will accompany Geri McClinton to the 10:30 a.m. family hour and the 11:00 a.m. funeral service at the Abundant Life Christian Church, located at 3111 Elmwood, Detroit, Michigan 48207. He will then (time permitting) attend the internment at the Elmwood Cemetery, 1200 Elmwood Street, Detroit, MI 48027.

Following those services, Geri McClinton will drop off Crumpton, who will self-surrender to the U.S. Marshals in the detention lobby at the Theodore Levin Federal Courthouse, Detroit, Michigan, at 3:30 p.m., Friday, August 30, 2024, to continue his detention while awaiting sentencing.

Crumpton's temporary release on his own recognizance is not opposed by the government with the condition of a tether on standalone monitoring from 3:30 p.m., on Thursday, August 29th, 2024, through 3:30 p.m., on Friday, August 30th, 2024. Crumpton also understands that if he does not return by 3:00 p.m. on August 30, 2024, he will be considered a fugitive.

WHEREFORE, Defendant moves this Honorable Court to allow his temporary release to attend a funeral. (The defense has drafted a proposed Order submitted via "Utilities," and emailed it to the government.)

                            Respectfully submitted,

                            /s/ *Ray Edward Richards, II*
                            RAY EDWARD RICHARDS, II (P56972)
                            Richards & Associates, PLLC
                            Attorney for Defendant Crumpton
                            200 E. Big Beaver Rd.
                            Troy, MI 48083-1208
                            (313) 694-8400
                            rayrichardsesq@gmail.com

Dated: August 27, 2024

## Certificate of Service

I certify that on August 27, 2024, the above Motion was filed with the Clerk of the Court using the CM/ECF system, which served the document(s) to the parties of record.

I further certify that on August 27, 2024, I emailed a copy of the proposed Order to Assistant U.S. Attorney Sarah Alsaden at Sarah.Alsaden@usdoj.gov.

/s/ *Ray Edward Richards, II*
RAY EDWARD RICHARDS, II (P56972)
Attorney for Defendant Crumpton